IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| STEPHEN SENEKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TROY CAPITAL, LLC, and ) <br> TROY DUPUIS, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. _____ <br><br> Jury Trial Demanded |

## COMPLAINT

### JURISDICTION AND VENUE

1. Subject Matter Jurisdiction in this Court is proper.

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4. Plaintiff Stephen Seneker (hereinafter "Plaintiff") is a natural person who resides in Sullivan County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant TROY CAPITAL, LLC (hereinafter "Defendant TROY CAPITAL") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Nevada, and may be served through its agent for service of process as

1

follows: National Registered Agents, Inc., 2300 Hillsboro Road, Suite 305, Nashville, TN 37212.

6. Defendant TROY CAPITAL is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from consumers.

7. On information and belief, Defendant TROY CAPITAL pays less than ten (10) cents on the dollar for the debts it purchases.

8. Defendant Troy Dupuis (hereinafter "Defendant DUPUIS") is a natural person who is a agent of Defendant TROY CAPITAL and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at his/her business address of 2660 S. Rainbow, C-103, Las Vegas, NV 89146.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt originally owed to or serviced by First Tennessee Bank that is allegedly owed in the approximate amount of Six Thousand One Hundred Eighty Seven Dollars and Twenty Two Cents ($6,187.22).

10. Sometime prior to June 4, 2010, Plaintiff's debt was consigned, sold or otherwise transferred to Defendant for collection from Plaintiff.

*Use of False, Deceptive and Misleading Warrant to Collect Debt*

11. Within one (1) year of the filing of this Complaint, a Civil Warrant and Affidavit filed in the General Sessions Court of Sullivan County, Tennessee were caused to be served on the

2

Plaintiff by Defendant TROY CAPITAL. A redacted copy of the Civil Warrant and Affidavit are filed as Exhibit 1 to this Complaint.

12. The Civil Warrant was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt and in an attempt to collect the debt.

13. The Civil Warrant was prepared, filed and served on behalf of Defendant TROY CAPITAL.

14. On or about September 10, 2010, Plaintiff filed a Sworn Denial in the state court collection lawsuit stating that he had not entered into any agreement with Defendant TROY CAPITAL for the repayment of debt or otherwise.

15. Upon information and belief, the Civil Warrant was filed by Defendant TROY CAPITAL knowing it could not establish that Plaintiff owed the debt.

16. The Civil Warrant stated that the amount due on the debt was "$6,187.22, plus court costs in the amount of $114.50, and service of process fees in the amount of $25.00." See Exhibit 1, p. 1.

17. "[W]ithout a written contract signed by Defendant, . . . [Plaintiff] may not recover attorney's fees or a contract rate of interest." *Discover Bank v. Henson*, 2008 WL 5272530 at *3, December 18, 2008 (Tenn. Ct. App) (*perm. app. den.* Sup. Ct., June 15, 2009) (quoting, *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (*perm. app. den.* Sup. Ct., December 15, 2008)).

18. On information and belief, Defendant TROY CAPITAL did not have a copy of the written contract signed by Plaintiff prior to the preparation, filing, and serving of the Civil Warrant.

3

19. On information and belief, the amount of Six Thousand One Hundred Eighty Seven Dollars and Twenty Two Cents ($6,187.22) represented by Defendant TROY CAPITAL as owed by Plaintiff for principal and interest included interest accrued at a rate exceeding the maximum interest rate of Ten Percent (10%) per annum allowed under Tennessee law for unwritten contracts.

20. On information and belief, the amount of Six Thousand One Hundred Eighty Seven Dollars and Twenty Two Cents ($6,187.22) represented by Defendant TROY CAPITAL as owed by Plaintiff for principal and interest included principal which had not been reduced due to misapplication of payments made on the debt resulting from the addition of interest accrued at a rate exceeding the maximum interest rate of Ten Percent (10%) per annum allowed under Tennessee law for unwritten contracts.

21. On information and belief, Defendant TROY CAPITAL failed to review a copy of the written contract signed by Plaintiff prior to the filing of the Civil Warrant to determine if they were entitled to the principal and interest claimed as owed in the Civil Warrant.

22. On information and belief, Defendant TROY CAPITAL did not maintain procedures reasonably adapted to avoid materially misrepresenting the amount of debt due in the Civil Warrant.

23. Defendant TROY CAPITAL's reliance on First Tennessee Bank's and/or any other assigned that may have or have had any interest in the ownership of the debt as to the amount of principal and interest allegedly owed by Plaintiff was unreasonable.

24. The Civil Warrant stated an amount due for principal and interest which was not expressly authorized by the agreement creating the debt or permitted by law.

25. By materially misrepresenting the amount of debt owed by Plaintiff by falsely stating that Defendant TROY CAPITAL was entitled to (a) interest accrued at a rate exceeding the maximum interest rate of Ten Percent (10%) per annum allowed under Tennessee law for unwritten contracts, and (b) principal which had not been reduced due to misapplication of payments made on the debt resulting from the addition of interest accrued at a rate exceeding the maximum interest rate of Ten Percent (10%) per annum allowed under Tennessee law for unwritten contracts, Defendant TROY CAPITAL falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

26. By filing the Civil Warrant which falsely stated that Plaintiff owed principal and interest of Six Thousand One Hundred Eight Seven Dollars and Twenty Two Cents ($6,187.22), Defendant TROY CAPITAL communicated credit information to the General Sessions Court and the general public which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

27. By attempting to collect amounts (principal and interest) not expressly authorized by the agreement creating the debt or permitted by law, Defendants violated 15 U.S.C. § 1692f(1).

28. The statement in the Civil Warrant that Plaintiff owed principal and interest in the amount of Six Thousand One Hundred Eighty Seven Dollars and Twenty Two Cents ($6,187.22) was a material misrepresentation in connection with collection of the debt

that would create a false impression in the mind of the least sophisticated consumer that Plaintiff owed Six Thousand One Hundred Eighty Seven Dollars and Twenty Two Cents ($6,187.22) in principal and interest when these amounts were not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

*Use of False, Deceptive and Misleading Affidavit to Collect Debt*

29. Within one (1) year prior to the filing of this Complaint, a Civil Warrant and Affidavit filed in the General Sessions Court of Sullivan County, Tennessee were caused to be served on the Plaintiff. A redacted copy of the Civil Warrant and Affidavit are filed as Exhibit 1 to this Complaint.

30. The Affidavit was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt.

31. An affidavit filed in support of a Civil Warrant on a sworn account is filed to attest to the correctness of the amount allegedly owed on the account. Tenn. Code Ann. § 24-5-107(a).

32. Defendant DUPUIS, who authored the Affidavit on June 4, 2010, swore under penalty of perjury that " in my capacity as President with the Plaintiff"......

   (a) "I have a business duty to record or transmit information and I am familiar with the books and records of my business and, in particular, I am familiar with the books and records as they pertain to the account of this defendant."

   (b) "The books and records referred to herein are made in the ordinary, customary, usual, and routine course of business and they are made at or near the time of the transaction to which they refer.

(c) "Credit having been given for all payments and offsets, the account balance of __ is $6187.22, and is true just and owing."

33. On information and belief, Defendant DUPUIS did not review any records of the originator of this debt to be able to determine the correct amount of debt that was owed by Plaintiff, if any, prior to signing the Affidavit.

34. On information and belief, Defendant DUPUIS did not have access to any of the records of the originator of this debt to be able to determine the correct amount of debt that was owed by Plaintiff, if any, prior to signing the Affidavit.

35. On information and belief, the only records held by Defendant TROY CAPITAL at the time Defendant DUPUIS signed the Affidavit were computer records which contained very limited information about Plaintiff's debt.

36. On information and belief, the only records that Defendant DUPUIS reviewed prior to signing the Affidavit were the computer records of Defendant TROY CAPITAL.

37. On information and belief, Defendant DUPUIS's sworn statements in the Affidavit were made without any personal knowledge of any of the facts asserted as to the amount owed.

38. On information and belief, form affidavits, such as the one shown in Exhibit 1 to this Complaint, are generated automatically by a computer owned by Defendant TROY CAPITAL upon request and are routinely provided to Defendant DUPUIS who signs numerous affidavits each day with no personal knowledge of any of the facts asserted in them.

39. On information and belief, after Defendant DUPUIS places his signature on the affidavits, they are given to another agent of Defendant TROY CAPITAL to notarize.

7

Case 2:11-cv-00196 Document 1 Filed 07/01/11 Page 7 of 16 PageID #: 35

40. On information and belief, Defendant DUPUIS does not personally appear before the notary and his signature on the affidavits are not witnessed by the notary.

41. On information and belief, Defendant TROY CAPITAL filed the state court collection lawsuit against Plaintiff in an attempt to collect the debt using a false, deceptive and misleading Affidavit as the only evidentiary basis to support its claims.

42. The attestations made by Defendant DUPUIS in the Affidavit regarding the debt, including, but not limited to the balance of the debt owed by Plaintiff, were material misrepresentations made without any personal knowledge as to the truth of the statements in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

43. On information and belief, Defendant TROY CAPITAL engages in a pattern and practice of filing lawsuits knowingly using false, deceptive, and misleading affidavits signed by persons who lack personal knowledge of the truthfulness of the matters attested to.

44. On information and belief, Defendant TROY CAPITAL uses virtually identical form affidavits in these lawsuits, alleging facts that are not in possession of Defendant TROY CAPITAL and to which its officers, employees and/or agents have no personal knowledge.

45. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt while knowingly using the Affidavit signed by Defendant DUPUIS who lacked personal knowledge of the matters asserted to and which alleged facts not in his

possession, Defendants violated 15 U.S.C. § 1692e(5), and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

46. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt with the use of a false, deceptive, misleading affidavit that represents to Plaintiff and the General Sessions Court that Defendants have actual knowledge of the balance of the debt owed by Plaintiff was a false, deceptive, or misleading representation in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had the legal right to attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

47. On information and belief, Defendants DUPUIS and TROY CAPITAL did not have a copy of the written contract signed by Plaintiff prior to preparing and filing the Affidavit.

48. On information and belief, the amount of Six Thousand One Hundred Eighty Seven Dollars and Twenty Two Cents ($6,187.22) represented in the Affidavit by Defendant DUPUIS as owed by Plaintiff for principal and interest included interest accrued at a rate exceeding the maximum interest rate of Ten Percent (10%) per annum allowed under Tennessee law for unwritten contracts.

49. On information and belief, the amount of Six Thousand One Hundred Eighty Seven Dollars and Twenty Two Cents ($6,187.22) represented in the Affidavit by Defendant DUPUIS as owed by Plaintiff for principal and interest included principal which had not been reduced due to misapplication of payments made on the debt resulting from the

9

Case 2:11-cv-00196   Document 1   Filed 07/01/11   Page 9 of 16   PageID #: 37

addition of interest accrued at a rate exceeding the maximum interest rate of Ten Percent (10%) per annum allowed under Tennessee law for unwritten contracts.

50. On information and belief, Defendant DUPUIS failed to review a copy of the written contract signed by Plaintiff prior to executing the Affidavit to determine if Defendant TROY CAPITAL was entitled to the interest claimed as owed in the Civil Warrant.

51. On information and belief, Defendant TROY CAPITAL did not maintain procedures reasonably adapted to avoid materially misrepresenting the amount of debt due in the Affidavit.

52. By materially misrepresenting in the Affidavit the amount of debt owed by Plaintiff by falsely stating that Defendant TROY CAPITAL was entitled to (a) interest which exceeded the maximum interest rate of Ten Percent (10%) per annum allowed under Tennessee law for unwritten contracts, and (b) principal which had not been reduced due to misapplication of payments made on the debt resulting from the addition of interest accrued at a rate exceeding the maximum interest rate of Ten Percent (10%) per annum allowed under Tennessee law for unwritten contracts, Defendants falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

53. By filing the Affidavit which falsely stated that Plaintiff owed principal and interest of Six Thousand One Hundred Eighty Seven Dollars and Twenty Two Cents ($6,187.22), Defendant TROY CAPITAL communicated credit information to the General Sessions

10

Court and the general public which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

54. By attempting to collect amounts (principal and interest) not expressly authorized by the agreement creating the debt or permitted by law, Defendants DUPUIS and TROY CAPITAL violated 15 U.S.C. § 1692f(1).

55. The statement in the Affidavit that Plaintiff owed principal and interest in the amount of Six Thousand One Hundred Eighty Seven Dollars and Twenty Two Cents ($6,187.22) was a material misrepresentation in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Plaintiff owed Six Thousand One Hundred Eighty Seven Dollars and Twenty Two Cents ($6,187.22) in principal and interest when these amounts were not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

*Summary*

56. The above-detailed conduct by Defendants in connection with collection of the debt, including, but not limited to falsely representing the character, amount, or legal status of the debt, threatening to take any action that cannot legally be taken or that is not intended to be taken, by communicating credit information which is known or which should be known to be false, using false representations or deceptive means to collect or attempt to collect the debt, and by attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Collection Service Licensing*

57. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness **irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.** Tenn. Code Ann. § 62-20-102(3). (emphasis added). No such person shall commence, conduct or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. §62-105(a).

58. As of the date of the filing of the collection lawsuit against Plaintiff, Defendant TROY CAPITAL had not applied for or been issued a valid collection service license by the Tennessee Collection Service Board that is necessary for a collection service to legally collect debts in Tennessee.

59. On information and belief, Defendant TROY CAPITAL failed to maintain (i.e., actually employ or implement) procedures to avoid this error under the FDCPA.

60. On information and belief, any procedures maintained (i.e., actually employed or implemented) by Defendant TROY CAPITAL to avoid errors under the FDCPA failed to avoid using false, deceptive, or misleading representations and means in connection with collection of debts or attempts to collect debts from Tennessee consumers that they received by assignment and/or purchase by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff.

61. On information and belief, and procedures maintained (i.e., actually employed or implemented) by Defendant TROY CAPITAL to avoid errors under the FDCPA failed to avoid using unfair or unconscionable means to collect or attempt to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff.

62. By attempting to collect the debt from Plaintiff at a time when Defendant TROY CAPITAL was not licensed as a collection service by the Tennessee Collection Service Board, Defendant TROY CAPITAL violated 15 U.S.C. §§ 1692e(5), 1692e(10), and 1692f. See, *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 fn.9 ("See, e.g., *Sibley v. Firstcollect, Inc.,* 913 F. Supp. 469, 471 (M.D.La.1995); *Russey v. Rankin,* 911 F. Supp. 1449, 1459 (D.N.M. 1995) (attempting to collect a debt without first registering as a debt collector as required by New Mexico statute violates the FDCPA); *Kuhn v. Account Control Tech, Inc.,* 865 F.Supp.1443, 1451-52 (D.Nev. 1994) (finding failure to register as a debt collector under Nevada law violated 15 U.S.C.§ 1692f); *Gaetano v. Payco of Wisc. Inc.,* 774 F.Supp.1404, 1414-15 n. 8 (D. Conn.1990) (finding failure to register as a debt collector in Connecticut violated the FDCPA because not registering 'deprived the plaintiff of her right as a consumer debtor residing within the state to have the Defendant HILCO's qualifications as a collection agency reviewed by state authorities.''); Also, see, *Bradshaw v. Hilco Receivables, LLC,* No. RBD-10-113, 2011 WL 652476, at *10 (Feb. 23, 2011 D.Md.).

*Respondeat Superior Liability*

63. The acts and omissions of Defendant DUPUIS as an agent for Defendant TROY CAPITAL and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of his agency relationship with his principal, Defendant TROY CAPITAL.

64. The acts and omissions by Defendant DUPUIS were incidental to, or of the same general nature as, the responsibilities he was authorized to perform by Defendant TROY CAPITAL in collecting consumer debts.

65. By committing these acts and omissions against Plaintiff, Defendant DUPUIS was motivated to benefit his principal, Defendant TROY CAPITAL.

66. Defendant TROY CAPITAL is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant TROY CAPITAL including, but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

67. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

68. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

69. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

70. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**STEPHEN SENEKER**

By: s/Everett H. Mechem
    **Everett H. Mechem**
    **Mechem Law Firm P.C.**
    **Attorney for Plaintiff**
    BPR #011854
    220 Broad Street, Suite 206
    Kingsport, TN 37660
    Telephone: (423) 207-1300
    Facsimile: (423) 370-1717
    everett@mechemlaw.com